UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH REMBERT,                    Civil Action No.: 19-11732
                                  Honorable Linda V. Parker
        Plaintiff,        Magistrate Judge Elizabeth A. Stafford

v.

TRINITY HEALTH,

        Defendant.

_____/

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH
PREJUDICE FOR FAILURE TO PROSECUTE**

**I.     Introduction and Background**

Plaintiff Keith Rembert, acting *pro se*, filed his complaint against Trinity Health, alleging employment discrimination under Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2202 *et seq.*, and Title VII, 42 U.S.C. § 2000e *et seq.* [ECF No. 1].[1]  Trinity Health filed a motion to compel on February 24, 2020, which the Honorable Linda V. Parker referred to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1). [ECF No. 15; ECF No. 16].  The Court ordered Rembert to respond to the

---

[1] Rembert was initially represented by counsel, but he withdrew, so Rembert is proceeding *pro se.*  [ECF No. 13].

motion, but he failed to do so, thus Trinity Health's motion to compel was granted. [ECF No. 17; ECF No. 19]. The Court also ordered Rembert to show cause why this matter should not be dismissed for failure to prosecute by April 21, 2020. [ECF No. 19]. He never responded.[2]

## II. Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "'as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.'" *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). This Court's local rules also state when

---

[2] The Court notes that it mailed its orders to the address that Rembert supplied, and the mailings were not returned as undeliverable. If Rembert changed his address without notifying the Court, then he violated E.D. Mich. LR 11.2. "The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." Rule 11.2.

2

"the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." LR 41.2. Except under circumstances that do not apply here, an involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits."

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll,* 176 F.3d at 363.

Analysis of the *Knoll* factors weighs in favor of dismissal. With respect to the first factor, Rembert has failed to answer discovery, respond to Trinity Health's motion to compel and to respond to the Court's orders. These failures show willfulness or fault.

As to the second factor—the prejudice to defendants—Trinity Health has not been able to engage in meaningful discovery. A "defendant [ ] cannot be expected to defend an action, that plaintiff has apparently

3

abandoned, not to mention the investment of time and resources expended to defend this case." *Miles v. Sheffeld*, No. 09-10220, 2009 WL 3497794, at *2 (E.D. Mich. Oct. 28, 2009) (internal quotation marks and citation omitted).

The third and fourth factors also weigh heavily in favor of dismissal. The Court warned Rembert in April 2020 that his case could be dismissed with prejudice if he failed to sufficiently answer discovery requests and show cause in writing why his case should not be dismissed. [ECF No. 19]. This warning has been met with silence. Under these circumstances, "dismissal is the only appropriate remedy" because Rembert "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

### III. Conclusion

The Court **RECOMMENDS** that Rembert's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: July 23, 2020

4

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2020.

                                              <u>s/Marlena Williams</u>
                                              MARLENA WILLIAMS
                                              Case Manager